UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BEVERLY MITCHELL HARRISON, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:02-CV-489 |
| ) | Judge Phillips |
| SCRIPPS NETWORKS, INC., et al., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs have moved the court to reconsider the order entered July 2, 2004 [Doc. 99] denying plaintiffs' motion for partial summary judgment on the issue of disability. In support of the motion, plaintiffs state that there is no genuine issue as to any material fact regarding their claim that Beverly Harrison is disabled as a matter of law under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq;* the Tennessee Human Rights Act (THRA), T.C.A. § 4-21-301 *et seq;* and the Tennessee Handicap Act (THA), T.C.A. § 8-50-103 *et seq.,* based on her own expert witnesses as well as the opinion of defendants' expert witness Dr. Edward Workman set forth in his deposition taken on March 17, 2005, and the recent case of *Moorer v. Baptist Memorial Health Care System,* 398 F.3d 469 (6th Cir. 2005).

In the July 2 order, the court found there were disputed issues of fact regarding whether Mrs. Harrison was disabled as defined by the ADA, the THRA and the THA:

> Plaintiffs have presented evidence to establish that plaintiff Beverly Harrison suffers from fibromyalgia and from Bipolar II disorder which substantially limit one or more major life activities . . . .
>
> The court finds that there are disputed issues of material fact, which, if resolved in plaintiffs' favor, could support a jury verdict for plaintiffs on these issues. Whether plaintiff can prove at trial that she is disabled within the meaning of the ADA . . . is open to question. . . . Thus, there are clearly disputed issues of material fact in regard to the plaintiffs' ADA, THRA and THA causes of action.

Plaintiffs contend that the recent deposition testimony of Dr. Edward Workman, defendants' expert witness, does not dispute the fact that Mrs. Harrison is disabled under the ADA as a matter of law, and in fact, conclusively establishes that fact. Dr. Workman testified as follows:

> . . . The records are not completely clear. For example, Dr. Bailey didn't think she had fibromyalgia. . . . It appears that she does in fact have a fibromyalgia-like syndrome. I mean, she has multi-site pain. She has sleep dysfunction. She has fatigue. By definition, that's fibromyalgia-like syndrome. She also had GI symptoms that go along with that. So more likely than not she has a fibromyalgia syndrome.
>
> . . .
>
> Q. About halfway down in that paragraph you write "These symptoms" - and your have described the symptoms above that - "these symptoms are primarily the result of a borderline personality disorder that seriously impairs her ability to cope with the demands of normal work life and normal relationships with others."

2

> A. Yes.
>
> Q. Is that your professional opinion?
>
> A. Yeah. This woman who didn't really have a regular job until age 45. That in and of itself indicates some type of Axis II pathology. Now, it obviously doesn't indicate the specific type of Axis II pathology. But it indicates impairment.
>
> Q. And that's your opinion to a reasonable degree of medical certainty?
>
> A. Yes.
>
> Q. And "these symptoms" those are the same symptoms that we've talked about earlier today; is that correct?
>
> A. Mood cycling, mood lability, irritability, chronic suicidality in response to life stressors, et cetera, yes.

Plaintiffs ask the court to reconsider its order denying their motion for partial summary judgment in light of Dr. Workman's testimony which they contend establishes that Mrs. Harrison was precluded from performing a broad range of jobs, thereby rendering her disabled under the ADA as a matter of law.

Defendants oppose plaintiffs' motion for reconsideration stating that there has been no intervening change in the law or the facts of this case. Specifically, defendants disagree with plaintiffs' characterization of Dr. Workman's testimony and point out that Dr. Workman did not testify that Mrs. Harrison's "fibromyalgia-like syndrome" rose to the level of a "disability" as that term is understood under the ADA. Plaintiffs also referred to Dr. Workman's statement that Mrs. Harrison had a borderline personality disorder that impaired

3

her ability to cope with the demands of normal work and normal relationships; however, defendants assert that "impairment" is not legally synonymous with "disability."

A person is disabled for the purposes of the ADA[1] if she (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such impairment; or (c) is regarded as having such an impairment. 42 U.S.C. § 12101(2). In denying plaintiffs' motion for partial summary judgment, the court did not ground its decision on any dispute about whether Mrs. Harrison has fibromyalgia-like syndrome. Rather, the court found that a material issue of fact exists as to whether that condition rose to the level of a disability as defined under the ADA.

Further, it is the opinion of the court that Dr. Workman's statement that Mrs. Harrison's borderline personality disorder "impairs her ability to cope with the demands of normal work life and normal relationships with others," does not conclusively establish that she has a mental disability under the ADA. Dr. Workman's statement does not speak to whether and to what degree Mrs. Harrison is substantially limited, and it does not suggest that she is precluded from a substantial class of jobs. "Impaired" does not mean "disabled" for purposes of the ADA. *See Burns v. Coca-Cola,* 222 F.3d 247, 252 (6th Circ. 2000).

Moreover, plaintiffs' own vocational expert (Jane Calvin-Roberson) indicated that Mrs. Harrison was not precluded from a broad range of jobs. Mrs. Harrison also

---

[1] The same definition of disability applies for claims under the THRA and the THA. *Barnes v. Goodyear Tire & Rubber Co.,* 48 S.W.3d 698 (Tenn. 2000).

4

testified that she had performed numerous activities including acting, training, directing, and stage management. Mrs. Harrison has applied for a broad range of jobs including file clerk, regional coordinator of MAAD, volunteer services coordinator, human resources assistant, college admissions representative, community organizer, receptionist, commercial producer and ophthalmic assistant. The court is not convinced that Mrs. Harrison has established that she is substantially impaired in the major life activity of working. The court reaffirms its earlier decision that there are clearly disputed issues of material fact in regard to whether Mrs. Harrison is substantially limited in the major life activity of working which will have to be resolved at trial.

Plaintiffs have also asked the court to reconsider its finding that Mrs. Harrison has not established as a matter of law that she was regarded as "disabled" by her employer, in light of the recent decision of the Sixth Circuit in *Moorer v. Baptist Memorial Health Care System,* 398 F.3d 469 (6th Cir. 2005). In *Moorer,* the Sixth Circuit affirmed the district court's decision that the employer perceived the plaintiff as incapable of performing a broad class of work by virtue of its perception of his inability to perform managerial work for the employer. Plaintiffs assert that like *Moorer*, there is sufficient evidence in the record to demonstrate that Scripps perceived Mrs. Harrison as incapable of performing a broad class of work by virtue of the acknowledged statements set out below.

> Amy Rector, Human Resources Manager: Rector asked Mrs. Harrison if she was certain that she should be working at all.
>
> Rector suggested the Employee Assistance Program (EAP) to Mrs. Harrison to deal with the stresses in her life.

5

> Rector sent an e-mail to Mary Minzer regarding Mrs. Harrison as to whether she was a person who might be covered under the ADA.
>
> Rector sent a letter to Dr. Mathes regarding Mrs. Harrison stating "we understand that fibromyalgia is a serious health condition and we have no doubt that Beverly's symptoms are severe."
>
> At the time of Mrs. Harrison's termination, Rector recommended that she contact an employment agency that assisted the disabled.
>
> Rector told Mrs. Harrison at her exit interview that she thought the job at Scripps had been too physically demanding for her.
>
> Katherine Casey, Mrs. Harrison's supervisor: Casey testified that she was aware that Mrs. Harrison had fibromyalgia and part of the syndrome is difficulty with sleeping and fatigue.
>
> Casey suggested meditation as a way to help Mrs. Harrison's stress.
>
> Casey told Mrs. Harrison that she should get some help because if she did not get "control of all of this stuff that was going on" in her head, it was going to be too much for her to handle.

Plaintiffs contend that these statements establish that Scripps not only thought Mrs. Harrison was unable to perform the job she was doing because of her disability, but also believed that she was unable to perform a class of jobs or a broad range of jobs. *See Moorer*, 398 F.3d at 477 (because the plaintiff's employer articulated a broad range of managerial tasks that plaintiff's employer regarded him as incapable of performing, the court inferred that this constituted evidence that his employer considered that he would not be able to perform those same tasks anywhere else, thus excluding him from a broad

6

range of jobs). Plaintiffs assert that the same analysis applies in the instant case and this court should find that Scripps regarded Mrs. Harrison disabled, as a matter of law.

As pointed out by defendants, the mere fact that Mrs. Rector suggested that Mrs. Harrison might benefit from the EAP program is not relevant to the issue of whether she was regarded as impaired in the major life activity of working. The Sixth Circuit has held that an employer may not only suggest, but may in fact require an employee to undergo physical and mental examinations before returning to work, that "requesting a mental evaluation does not indicate that an employer regards an employee as disabled." *Sullivan v. River Valley School Dist.,* 197 F.3d 804, 811 (6th Cir. 1999). Because an employer does not regard an employee as disabled by requiring an employee to submit to a medical or psychological evaluation, an employer surely does not regard an employee as disabled by suggesting that the employee contact the EAP program.

Similarly, Mrs. Rector's and Mrs. Casey's expressions of concern for Mrs. Harrison's health do not constitute evidence sufficient, as a matter of law, to find that Scripps regarded her as disabled. In *Taylor v. Nimock's Oil Co.,* 214 F.3d 957 (8th Cir. 2000), the court considered whether "get well" statements and a note that the employer wrote stating that it was in the employee's best interest not to return to work with her restrictions indicated that the employer regarded the employee as disabled. The court held that "knowing that an employee may be having difficulties and expressing concern . . . does not amount to treating an employee as if she has a permanent disability that substantially limits her life activities." *Id.* at 962; *see also, Soler v. Taco Electronics, Inc.,* 268 F.Supp.2d

7

97, 111 (D.P.R. 2003)(supervisor's comments such as "How are your feeling, do you think you can still work due to your heart condition and age, did not establish that employer regarded employee as disabled); *Dikcis v. Nelco Chemical Co.,* 974 F.Supp. 669, 675 (N.D.Ill 1997)(employer's comments such as "your mannerisms are noticeably erratic and you should slow down and calm down" and "your wheels are spinning off, you should get medical help" were insufficient to show that employer regarded employee as disabled); *Cannizzaro v. Neiman Marcus,* 979 F.Supp. 465, 478 (N.D.Tex. 1997)(employer's statement that he was not interested in hiring the plaintiff "for her sake" because "the job would kill her" did not indicate that employer regarded plaintiff as being substantially limited in performing a broad range of jobs); *Stedman v. Bizmart, Inc.,* 219 F.Supp.2d 1212, 1217 (N.D.Ala. 2002)(supervisor who asked employee to resign and said that he "was not going to be responsible for affecting someone's health" did not regard employee as disabled).

It is the opinion of the court that plaintiffs have failed to establish, as a matter of law, that Mrs. Harrison was regarded as disabled by Scripps. The *Moorer* case does not change the controlling law on this issue. In *Moorer*, the district court acted as the trier of fact and after a trial on the merits found as a matter of fact, not as a matter of law, that plaintiff was disabled. *Id.* at 477. Plaintiffs are asking this court to rule on this issue as a matter of law. As stated in the court's July 2 order, there are material issues of disputed fact as to whether Scripps regarded Mrs. Harrison as disabled. Accordingly, plaintiffs are not entitled to judgment as a matter of law on the issue of disability.

8

For the reasons stated above, plaintiffs' motion for reconsideration of the order denying plaintiff's motion for partial summary judgment on the issue of disability under the ADA, THRA and THA [Doc. 108] is **DENIED.**.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge